IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEX ARROYO-GOMEZ, | : | MOTION TO VACATE |
| BOP No. 60668-019, | : | 28 U.S.C. § 2255 |
|   Movant, | : | |
| | : | CIVIL ACTION NO. |
|   v. | : | 1:12-CV-1860-WBH-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|   Respondent. | : | 1:08-CR-488-5-WBH-ECS |

**FINAL REPORT AND RECOMMENDATION**

In 2008, Alex Arroyo-Gomez ("Mr. Arroyo-Gomez"), his brothers Ariel and Alberto, and others, were indicted for drug trafficking and firearms crimes. See [Doc. No. 1 (Indictment)]; see also [Doc. No. 185 (Superseding Indictment)]. In 2009, Mr. Arroyo-Gomez and both of his brothers pleaded guilty to Count One of the Superseding Indictment, which specifically charged them with conspiracy to knowingly possess with intent to distribute at least 5 kilograms of cocaine, at least 500 grams of methamphetamine, and less than 50 kilograms of marijuana. See [Doc. No. 185 at 2].[1]

Both in a written Plea Agreement and at his Rule 11 hearing, Mr. Arroyo-Gomez acknowledged (A) that there was a factual basis for his plea, (B) that he was therefore subject to a "Mandatory

---

[1] As the United States Court of Appeals for the Eleventh Circuit stated: "the investigation uncovered that the total amount of illegal drugs involved was 8.36 kilograms of cocaine, 2.99 kilograms of marijuana, 10 kilograms of crystal methamphetamine, and 107.7 grams of methamphetamine." United States v. Arroyo-Gomez, 444 F. App'x 314, 315 (11th Cir. 2011).

AO 72A
(Rev.8/82)

minimum term of imprisonment [of] Ten (10) years," and (C) that he was voluntarily waiving substantially all his direct appeal and collateral attack rights. See [Doc. No. 256-1 at 1-2 & 6-7 (Plea Agreement)] & [Doc. No. 380 at passim (Rule 11 hearing transcript)]. Mr. Arroyo-Gomez's brothers were each sentenced to 180-month terms of imprisonment (as leaders of the conspiracy), while Mr. Arroyo-Gomez received a 135-month sentence (as a participant in the conspiracy).

When Mr. Arroyo-Gomez appealed, the United States Court of Appeals for the Eleventh Circuit dismissed his appeal pursuant to the appeal waiver in his Plea Agreement, necessarily concluding that he had entered into that Plea Agreement knowingly and voluntarily. See [Doc. No. 356 at 2].[2]

This matter is now before the Court on Mr. Arroyo-Gomez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. No. 378], the government's Response [Doc. No. 381], Mr. Arroyo-Gomez's pro se Reply [Doc. No. 382], and Mr. Arroyo-Gomez's counseled "Amended Reply" [Doc. No. 386].

---

[2] Mr. Arroyo-Gomez's brothers did not waive their appeal and collateral attack rights in their plea agreements. See [Doc. No. 239-1] and [Doc. No. 251-1]. Their respective appeals were denied on the merits. See United States v. Arroyo-Gomez, 444 F. App'x 314 (11th Cir. 2011); United States v. Arroyo-Gomez, 443 F. App'x 471 (11th Cir. 2011).

2

Mr. Arroyo-Gomez argues that he is entitled to have his conviction and 135-month sentence vacated because he received ineffective assistance of counsel.  He states this as two separate grounds for relief, one alleging that his attorney was ineffective for negotiating a plea agreement that waived his appeal and collateral attack rights "without obtaining any significant benefit in exchange" and the second alleging that his attorney was ineffective for persuading him to enter into such a plea agreement [Doc. No. 378 at 4-5].[3]  Although Mr. Arroyo-Gomez states this claim in two parts in his pro se § 2255 motion, it is plain that he is stating essentially the same claim in both "Ground One" and "Ground Two."  This is confirmed by his counseled "Amended Reply" which restates his claim as follows:  "The issue is whether counsel was ineffective in counseling [Mr. Arroyo-Gomez] to enter a plea pursuant to the plea agreement, which caused [Mr. Arroyo-Gomez] to give up his important appellate rights without any corresponding benefit."  [Doc. No. 386 at 2].

---

[3]   Mr. Arroyo-Gomez states in "Ground One" that his attorney was ineffective for negotiating a plea agreement that waived appeal and collateral attack rights "without obtaining any significant benefit in exchange" and in "Ground Two" that his counsel was ineffective for "recommending that [he] agree to the plea agreement [in which he] gave up important rights without obtaining corresponding significant benefits."  [Doc. No. 378 at 4-5].

(Rev.8/82)

As a preliminary matter, it is noteworthy that in neither Mr. Arroyo-Gomez's pro se § 2255 motion, nor in his counseled "Amended Reply" did he assert that his entry into the Plea Agreement was other than knowing and voluntary.  Mr. Arroyo-Gomez and his post-conviction counsel contended only that his plea counsel struck a poor bargain, not that the plea was otherwise invalid.  For this reason, the collateral attack waiver in his Plea Agreement is enforceable and Mr. Arroyo-Gomez's § 2255 motion should be dismissed.  See  Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).[4]

---

[4]    The undersigned notes that although the government "conceded" in its Response that Mr. Arroyo-Gomez attacked the "voluntariness" of his plea and can thus escape application of the collateral attack waiver in his Plea Agreement, see [Doc. No. 381 at 7-8], Mr. Arroyo-Gomez's own pro se § 2255 motion and his counseled "Amended Reply" contain no such claim.  Rather, as Mr. Arroyo-Gomez's counseled "Amended Reply" states:  "The issue is whether counsel was ineffective in counseling [Mr. Arroyo-Gomez] to enter a plea pursuant to a plea agreement, which caused [Mr. Arroyo-Gomez] to give up his important appellate rights without any corresponding benefit."  [Doc. No. 386 at 2].

Because this Court is not required to accept as dispositive concessions improvidently made by parties, see, e.g., Gilbert v. United States, 640 F.3d 1293, 1306 n.14 (11th Cir. 2011) (en banc) (citing Roberts v. Galen of Va., 525 U.S. 249, 253 (1999), and United States v. Lee, 586 F.3d 859, 866 (11th Cir. 2009)), the Court ought not accept the government's concession in this case that Mr. Arroyo-Gomez attacked the voluntariness of his plea, particularly when Mr. Arroyo-Gomez's own counsel did not make that argument on Mr. Arroyo-Gomez's behalf.

4

Furthermore, assuming for the sake of discussion that the ineffective assistance of counsel claim in Mr. Arroyo-Gomez's § 2255 motion should be considered notwithstanding his waiver of his collateral attack rights, it is clear that it is without merit because Mr. Arroyo-Gomez cannot show that he was prejudiced.

The lone issue that Mr. Arroyo-Gomez raised on direct appeal – and that was dismissed based on his appeal waiver – was a claim that the Court erred in attributing to him for purposes of sentencing the quantity and types of drugs charged in the Superceding Indictment and described in the government's proffer at the Rule 11 hearing.  The Plea Agreement and the Rule 11 hearing transcript make it plain that this claim lacks any fairly debatable basis.  During the Rule 11 hearing, the Court confirmed with Mr. Arroyo-Gomez that the quantity and types of drugs that would be attributed to him were as charged in the Superceding Indictment and described by the government in its proffer, and that Mr. Arroyo-Gomez understood that this exposed him to a mandatory minimum sentence.

> THE COURT: He understands, though, that – He agrees that he is involved in the conspiracy where the amounts that have been previously described will be attributable to him; is that correct?
>
> DEFENDANT ALEX ARROYO: Yes.
>
> THE COURT: All right. And you understand just as I told your brother, Mr. Arroyo, then those amounts

5

>     trigger mandatory minimum sentences, which we will
>     talk about in a minute, but you understand that,
>     correct?
>
>     DEFENDANT ALEX ARROYO: Yes.

[Doc. No. 380 at 29-30]. See also [id. at 48 (acknowledging 10-year mandatory minimum)]. The Court also confirmed with Mr. Arroyo-Gomez – contrary to his present claim that he was promised a substantially shorter sentence by his attorney – that that no one promised him a sentence below the ten-year mandatory minimum and that he understood the consequences of his appellate and collateral attack rights waiver. See [id. at 36 & 49-51]. Thus, Mr. Arroyo-Gomez's contention that his attorney provided ineffective assistance because he negotiated and counseled Mr. Arroyo-Gomez to enter into a Plea Agreement that waived his rights to argue the drug quantity and type issue on appeal and to challenge the application of the mandatory minimum sentence is meritless.[5] Simply put: even assuming that Mr. Arroyo-Gomez's plea counsel performed deficiently in negotiating and recommending a plea agreement that waived appellate and collateral attack rights, the waiver of those rights caused Mr. Arroyo-Gomez no identified prejudice.

---

[5] Furthermore, neither Mr. Arroyo-Gomez, nor his post-conviction counsel, have identified any other issue that might have been raised on appeal.

6

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Arroyo-Gomez has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable.

For the foregoing reasons, the undersigned **RECOMMENDS** that (1) Mr. Arroyo-Gomez's § 2255 motion be **DENIED**, (2) a certificate of appealability be **DENIED**, and (3) the requests in Mr. Arroyo-Gomez's § 2255 motion for the appointment of counsel and an evidentiary hearing be **DENIED AS MOOT**.

7

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED**, this 29th day of April, 2015.

                                        *S/ E. Clayton Scofield III*
                                        E. CLAYTON SCOFIELD III
                                        United States Magistrate Judge

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEX ARROYO-GOMEZ, | : | MOTION TO VACATE |
| BOP No. 60668-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:12-CV-1860-WBH-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:08-CR-488-5-WBH-ECS |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 29th day of April, 2015.

>	*S/ E. Clayton Scofield III*
>	E. CLAYTON SCOFIELD III
>	UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)