IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEX ARROYO-GOMEZ, | : | |
|     Movant, | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1860-WBH |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:08-CR-488-5-WBH |
|     Respondent. | : | |

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 408], in which the Magistrate Judge recommends that Movant's 28 U.S.C. § 2255 motion to vacate his sentence be denied.

The gravamen of Movant's argument is that he waived his appeal rights in his plea agreement and got no real benefit in exchange and that his trial counsel was ineffective for proposing that he accept the plea deal. In recommending that the § 2255 motion be denied, the Magistrate Judge began with the proposition that Movant never asserted that his entry into the plea agreement was other than knowing and voluntary. Thus, according to the Magistrate Judge, the collateral attack waiver in the plea agreement was enforceable and this action should be dismissed. The Magistrate Judge further concluded that Movant cannot establish an ineffective assistance claim because he cannot demonstrate prejudice because the plea agreement and the plea hearing transcript make it plain that the claim Movant sought to raise on

AO 72A
(Rev.8/82)

appeal – that this Court erred in attributing a certain amount of drugs to him for sentencing purposes – was not availing.

In his objections, Movant contends that he did, indeed, assert that his guilty plea was not knowing and voluntary, and that, under Eleventh Circuit law, losing the right to an appeal constitutes prejudice even where the claims raised in the appeal would have no merit. For the purposes of this discussion, this Court is willing to concede Movant's arguments.

Nonetheless, this Court concludes that Movant is not entitled to a hearing and that his § 2255 motion must be denied. A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea. United States v. Hernandez–Fraire, 208 F.3d 945, 949 (11th Cir. 2000). "There is a strong presumption that the statements made during the [plea] colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Evidence that an accused entered his guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-75 (1977). Indeed, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id.

Having reviewed the plea agreement and the transcript from Movant's plea hearing, it is clear that he was not coerced and that he understood the nature of the charges and the consequences of his plea. Additionally, in his plea agreement and at his plea hearing, Movant acknowledged that there was a factual basis for his plea, that he was subject to a minimum term of ten years and that he was voluntarily waiving substantially all his direct appeal and collateral attack rights. Significant to this discussion, it is also clear that Movant understood that his sentence would be determined later and that neither side had agreed to any of the guideline calculations at the time of the plea and, in particular, that the drug amounts would be debated at the sentencing hearing. [Doc. 380 at 46].

In consideration of entering his plea, the Government agreed that it would not bring any further criminal charges against Movant, that it would dismiss Count Seven, that it would recommend that Movant should not have to pay a fine, and that it would recommend that Movant receive the two-level adjustment for acceptance of responsibility and the additional one-level adjustment if the offense level was 16 or higher. This Court disagrees with Movant's contentions that these concessions are meaningless. Movant avoided the possibility of a conviction on two counts instead of one, and while Movant may have been eligible for the acceptance adjustment and the waiver of a fine, the Government was otherwise not bound to make those

AO 72A
(Rev.8/82)

recommendations. See United States v. Rodriguez-Rivera, 518 F.3d 1208, 1216-1217 (10th Cir. 2008).

The Government sat down with Movant and offered a deal, and part of that deal was that the amount of drugs attributable to him would be determined at the sentencing hearing and the he would not be permitted to challenge that determination in an appeal or collateral attack. From a review of the plea transcript, it is clear that this Court fully explained the terms of that deal and that Movant understood. Accordingly, Movant has no basis upon which to claim that his plea was not knowing and voluntary or that his counsel was ineffective.

Accordingly, this Court hereby **ADOPTS** the R&R, [Doc. 408], as its order. As such, the instant § 2255 motion, [Doc. 378], is **DENIED** and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED,** this 28th day of May, 2015.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)